# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JONATHAN EDMUNDS,**

**Plaintiff,**

**-vs-** **Case No. 6:05-cv-410-Orl-22DAB**

**THRIFTY NICKEL OF ORLANDO, INC., d/b/a American Classifieds, and ROBERT CHRISTENSEN,**

**Defendants.**

______________________________________/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT (Doc. No. 38)** |
| **FILED:** | **10/14/2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section

216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* In addition to the Joint Motion, a Settlement Fairness Hearing was held on October 18, 2005, with counsel for both parties present.

Based on the written and oral representations of counsel, Plaintiff was employed by Defendants as a distribution manager. The extent of Plaintiff's status as an employee of Defendant Christensen[1] and Plaintiff's entitlement to overtime and unpaid wages was disputed by both sides, with Plaintiff seeking approximately $2,400 for unpaid wages and $4,590 for overtime wages, for a total of $6,990.00. The settlement to Plaintiff of $4,800 in unpaid and overtime wages represents approximately 68% of the disputed principal amount Plaintiff sought. Given the uncertainties as to

[1]The Clerk entered a default against Defendant Thrifty Nickel of Orlando, Inc. on July 11, 2005. Plaintiff's counsel represented at the fairness hearing that Plaintiff will file a motion for default judgment against the corporate defendant forthwith. Counsel for the individual Defendant represented that he believes the corporate Defendant is out of business.

the individual defendant's liability and disagreements about the amounts of unpaid or underpaid work, this counseled compromise is reasonable.

The parties have agreed that Defendant will pay Plaintiff's attorneys $4,000.00 in attorney's fees and costs. Plaintiff's counsel litigated the case on behalf of Plaintiff from January to October 2005, accruing 32.30 hours by Laura Ann Weis, Esq. at the rate of $200 per hour, for total legal fees in the amount of $6,460.00.[2] The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $4,800.00 to Plaintiff for unpaid wages and overtime, and $4,000.00 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 18, 2005.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

[2]The summary on page 2 of Ms. Weis' Affidavit indicates a notation of an additional hour expended by "KEP", for $300.00, which is not explained or supported in the attached time sheets. As the amount agreed to in settlement for attorney's fees is far less than the total claimed, however, this oversight is of no moment.

Case 6:05-cv-00410-ACC-DAB   Document 40   Filed 10/18/05   Page 4 of 4 PageID 145

-4-